IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RAFAEL OSCAR MARTINEZ DEL VALLE,<br><br>                 Plaintiff,<br><br>vs.<br><br>OFFICE MAX - ST. THOMAS,<br><br>                 Defendant. | Civil No. 2013-24<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |
| RAUL SERRANO, ET AL.,<br><br>                 Plaintiffs,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC,<br><br>                 Defendant. | Civil No. 3:13-CV-34<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

**<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>**

TO:    Charles E. Engeman, Esq.
         Micol Morgan, Esq.
         Bailey Calhoun, Esq.
         Ogletree, Deakins, Nash LLC
         The Tunick Building
         1336 Beltjen Road, Suite 201
         St. Thomas, VI  00802
         Email Address: charles.engeman@ogletreedeakins.com
            Attorney For: Office Max

         John Byron Flood, Esq.
         Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
         1909 K Street, NW
         Suite 1000
         Washington, DC  20006
         Email Address: john.flood@ogletreedeakins.com
            Attorney For: OfficeMax North America, Inc

LEE J. ROHN AND
ASSOCIATES, LLC
1101 King Street
Christiansted
VI 00820-4933
Tel:  340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 2

    Glenda L. Lake, Clerk of the Court
    District Court of the V.I.

    County Court Reporters, Inc.
    600 South County Farm Road
    Suite 200B
    Wheaton, IL  60187

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, will take the oral examination of **Office Max North America, Inc. 30(b)(6).** Defendant shall designate one or more officers, directors or managing agents who are competent to testify on the company's behalf.

That person(s) who is designated to testify on Defendant's behalf should have knowledge of, but not be limited to, the following:

1. The substantive factual basis of all responses to written discovery and documents produced by Defendant subject to this lawsuit.

2. The facts to support the Defendant's denial of Plaintiff's allegations and to substantiate each of its affirmative defenses.

3. The content of all documents, correspondence, notes, memoranda and any other writing of or concerning the incident that is the subject matter of this lawsuit.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 3

4. Any tests or investigations into the use of the "intrusion coupons", the termination of Plaintiffs, failure to pay overtime to employees from 2006 to the present as referred to in Plaintiffs' complaint and the results thereof, who participated in the investigations and any accusations to back pay overtime, why made, by whom.

5. Any communications by or between Defendant or its management employees and Plaintiffs subsequent to the incident that is the subject matter of this lawsuit.

6. The content of all correspondence, letters, notes, summaries, complaints, memos, and telephone logs pertaining to the intrusion coupons referred to in this matter, Plaintiffs' termination or the failure to pay overtime from 2006 to the present.

7. The process and documents which set forth the coupon process for Office Max use and dissemination to stores and employees how that was explained to the St. Croix store from 2010 to the present.

8. The coupons issued for the Office Max St. Thomas store from July 1, 2012 through December 31, 2012, what each coupon provided for, how it was to be used, any restrictions as to use, how that information was imparted to the St. Thomas store, when, by whom to whom.

9. Office Max's job description, duties and responsibilities for each of the Plaintiffs.

10. Each of the Plaintiff's personnel files including quarterly/annual or any other performance appraisals and/or annual reviews and disciplinary actions and the substance of those documents and what if any impact those documents had on the decision to terminate Plaintiffs.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 4

11. The identification of the person or persons responsible for FLSA record-keeping obligations.

12. The hours worked and the rate of pay for each of the Plaintiffs from the date of hire to date of departure.

13. Identification of all investigations conducted into alleged wrongdoing for each of Plaintiff's including recording of interviews, whether audio, written, and/or video, who was present, and who made the decision to terminate the Plaintiffs and the basis for doing so.

14. All meetings, memos, documentation of any kind regarding Office Max's compliance and/or non-compliance with the Virgin Islands Overtime requirements.

15. Office Max's oral, written, formal and informal policies with respect to calls from prospective employers of former employees as far as divulging information about factual information regarding the prior employer.

16. Information about the Defendant's Computer systems:

    a. Duties of system administrators in 2011-2013 and who held that position and their duties and responsibilities.

    b. Use of passwords by users, sharing of passwords, access to passwords by system administrator(s) from 2011-2013.

    c. Details about hardware used by Office Max (model numbers and/or hard drive capacity) from 2011-2013.

    d. Networking of computers from 2011-2013.;

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 5

    e. Information about operating systems for network servers, including model versions from 2011-2013.

    f. Details about creating, storing and retrieving of backup tapes (hard drives, servers, e-mail system) from 2011-2013.

    g. Details about disaster recovery procedure (software is used to convert backup tapes into usable format) from 2011-2013.

    h. Details about facsimile machines used by Office Max and the procedures to use fax machines (e.g., fax logs, memory of fax machines) from 2011-2013.

17. Software and E-Mail:

    a. Details about application software used on desktops and laptops (including company standard software, such as Word, Excel, Power Point, Adobe; length of time this software was company standard, what version) from 2011-2013.

    b. Details about the company-approved/standards for personal digital assistants (*e.g.*, hand-held devices such as Blackberry, Samsung Galaxy, etc.) from 2011-2013.

    c. Details about e-mail system(s) used by Office Max (retention period, use of files, deletion procedures) from 2011-2013.

18. Record Management and Document Preservation:

    a. Notification and instructions about preservation of documents including in electronic form due to the lawsuit (who provided the notification, how was it

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 6

communicated) and what actions were taken to identify and preserve such information.

b. Details of any deletion of documents or electronic date since commencement of this lawsuit or since deponent received notification about this lawsuit or reasonable possibility of this lawsuit related to Plaintiffs, the overtime issues, or the allegations, denials or affirmative defenses to this lawsuit.

c. Details about the company's record management policy (when instituted, when electronic documents became part of this policy, who is responsible for ongoing management of this policy, from 2011 to the present

d. What persons have examined any computers or electronic information since learning of the threat of litigation in this matter, the manner in which the examination was conducted, the procedure used and what information was found and what was done with that information.

19. <u>Alternative sources of electronic information</u>:

a. The locations outside Office Max's offices where electronic documents are regularly sent or stored from 2011 to 2013;

b. Names (and location, etc.) of persons who would have knowledge about that 3rd party's computer systems and storage capacities from 2011 to 2013;

c. Details about the Internet system of the Defendant, who had access to it, how it was monitored, what policies or procedures were in place as to the use, access, deletions from the system from 2011 to 2013 ;

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 7

20. Backup Procedures:

   a.   Details about Office Max's backup procedures (including intervals, medium for backup, reuse of backup medium, location of backup) from 2011 to 2013.

21. When was Defendant first made aware of any potential overtime issues as to employees in the Virgin Islands, how it became so aware, what actions or investigations were taken by whom in that regard, who conducted or were involved in those actions or investigations, the results of those investigations, who those results were communicated to and what actions have been taken as a result and if no action has been taken why not and who were involved in the decision making to take no action.

22. What attorney Defendant claims Martinez spoke to as part of the investigation of the overtime issue when and the substance of any such communications in that regard.

23. What communications Defendant claims that Plaintiff Martinez or any other Plaintiff had with any employees, agents, contractors or attorneys of Defendant, about the overtime issue when, the substance, who was informed of those communications when and why and what action were taken as a result by whom and why.

24. Who was in charge of researching and compiling and producing the documents produced in this case, what criteria was used, what procedure was used, who

Case: 3:13-cv-00024-SDW-RM   Document #: 188   Filed: 12/16/13   Page 8 of 18

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 8

supervised the work, why certain documents were not produced as a whole, what criteria was used when only producing portions of documents.

25. What investigation was conducted into how the "intrusion coupon" was received by the St. Thomas store, whether or not there was investigation as to whether the intrusion coupon was placed on the OfficeMax "portal", who participated in that investigation, when each part of investigation occurred, the results of the investigation, what actions were taken as a result thereof.

26. The purpose of an "intrusion coupon" at OfficeMax when it was first instituted, when it was used, where it has been used from 2010 to 2013, what instructions are given as to its use, how it is decided which store may use the coupons, for what period it is usually used, how a particular store is informed that the coupon is available for its use, how the coupon is received by such stores, what actions are taken to monitor the use of such coupons, what procedures are used to determine that a store is not selected to use the intrusion coupon does not receive or use them.

27. All OfficeMax stores between 2010 to the present that were discovered to have incorrectly received or used intrusion coupons, the amount involved, the number of employees involved, what procedures were used to investigate how the coupons were received, how they were used, what were the results of the investigations if any discipline occurred as a result and if so what.

28. All claims by any employees for improper termination related to use of coupons, use of perks, use of discounts, claims that improper use of coupons was

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 9

manufactured to support termination from 2010 to the present by name of employee, date, location, nature and substance of claims and resolutions or status.

29. The goals set for the St. Thomas store from 2008 to 2013, how those goals are set and how that store was evaluated as meeting or exceeding those goals.

30. Any facts to support the contention that Ogletree Deakins gave Martinez or any of the Plaintiffs training in employment law or FSLA responsibilities.

31. The course of Flores evaluation of Martinez and what information, statements, evaluations he made concerning Martinez or his performance during Martinez' employment by date, substance and factual support.

32. What staffing shortages existed at the St. Thomas store from 2011 to 2013, what were the causes of those staffing shortages, the factual basis for Defendant's position that Plaintiff Martinez was responsible for those shortages and the policy and procedure of OfficeMax as to hiring or promoting employees at the St. Thomas store during that time period.

33. The history of employee staffing of the St. Thomas store from 2003 to the present.

34. State all employees in any store that was found to have improperly used an intrusion coupon with other discounts or coupons in 2012 by name, address, position, substance of allegations and what discipline was taken and if such employee was terminated the basis of the decision to terminate and if the employee

was not terminated the basis for that decision and who was involved in the decision making as to each such employee.

35. All facts to support Defendant's denial that Defendant made the intrusion coupons available on the company portal and the name and address of all persons with knowledge of those facts.

36. What coupons were issued by mail or e-mail to Max Perks customers in July 2012 by type of coupon, substance of coupon, when issued, any restrictions on how the coupon could be used and how those restrictions were communicated to the Max Perks customers.

37. The procedure for issuing Associate PERKS cards from 2010 through 2012, when each Plaintiff was issued such cards, what instructions each Plaintiff received as to how to use the card and how that information was imparted to Plaintiffs and when.

38. What precise purchases does Defendant contend each Plaintiff made that were improper, how they were improper, how Defendants claims Plaintiff knew or should have known they were improper, the circumstances under which each Plaintiff made restitution, the amount of restitution and the basis of the decision to terminate each such Plaintiff in lieu of other discipline and who participated in such decisions.

39. What Defendant contends were the terms and conditions of the intrusion coupon referenced herein.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 11

40. What Defendant contends is an Associate Perks and Bag Event, whether such event occurred relative to the St Thomas store in 2012 and if so, when and what are the terms and conditions of using such event including what it could be combined with and whether Defendant contends any Plaintiff reissued that event and if so in what manner.

41. The facts surrounding the contention of Defendant that the investigation into the intrusion coupon began in August 2012, who decided to begin the investigation for what reason, who was involved in the investigation, the scope of the initial investigation and whether that scope changed at any time, if so when, why and how and who participated in the decision to change the scope.

42. All facts relied on that Plaintiffs knew or should have known the intrusion coupon should not have been used in the St. Thomas store.

43. The purpose of intrusion coupons, how they are supposed to be used, the purpose of issuing such coupons and the intended result of using said coupons.

44. What was Alberto Rovira's job classification, duties and responsibilities, why he was selected to conduct the investigation of the St. Thomas store, who made that decision and the scope of his investigation.

45. All facts relied on that Plaintiffs knew or should have known that the intrusion coupon could not be used with other coupons.

46. The history as to how the Brown Bag Event had been treated previously as to type of discount, and the facts to support the contention that the Brown Bag Event

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 12

had previously been considered by Defendant as a coupon and any facts to support the contention that Plaintiffs knew or should have known the Brown Bag event was actually to be treated as a discount coupon.

47. What were the make and model of the registers used in the St. Thomas store in 2012, what software they contained, how they were programmed, by whom, on what dates and in what manner, what programming was available to prevent registers from allowing improper discount purchases, were those programs used in the St. Thomas store at any time and were they being used in the St. Thomas store in 2012 and if not why not.

48. The factual basis for Defendant's denial that the registers in the St. Thomas store in 2012 were programmed to reject improper discount purchases to include but not be limited to use of an intrusion coupon with a brown bag event or an Associate Perks card or other coupons.

49. All company policies Defendant claims Plaintiffs violated that resulted in their termination, the factual basis that Plaintiffs were aware of those policies and how Defendant contends they would have become aware of those policies.

50. Whether there were any discussions to rescind any Plaintiffs' termination and if so who participated in the discussions, the substance of those discussions and why the terminations were not rescinded.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 13

51. The factual basis to support the denial that the $6.79 discount Martinez received from the use of the intrusion coupon was the same discount he would have received through the use of his Max Perk coupon.

52. What statements were made about Plaintiff Martinez as to his job performance, his violation of company policies or receiving improper discounts by Defendant's management employees from January 2012 to the present, who made such statements, to whom, the reason for the communication and the substance of the communication.

53. The facts to support the contention that any Plaintiffs failed to take advantage of any preventive or corrective opportunities to avoid harm.

54. The facts to support Defendant's contention that any Plaintiff failed to take advantage of any published policies or procedures of Defendant, how Defendant contends those policies or procedures were made known to Plaintiffs and when.

55. The facts to support the contention that any Plaintiff failed to mitigate his or her damages.

56. The facts to support the contention that after acquired evidence as to any Plaintiff supports such Plaintiff's termination.

57. The factual basis that actions of Martinez was responsible for a loss to Defendant of $14,000 in gross margin from the use of more than 1,400 coupons.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 14

58. The OfficeMax corporate decision making/reporting structure regarding the St. Thomas store at all times in 2012 both as to policy and procedure decisions and as to discipline decisions.

59. The factual basis to support the contention that posting coupons on the portal were for informational purposes only and that all such coupons had the barcodes blocked out, who was responsible for blocking out such barcodes in July 2012, what policies were in place to insure that the barcodes are blocked out, what information was given by whom to the St. Thomas store that the coupons placed on the portal were for information only and how Defendant claims the St. Thomas store acquired the coupons in question with barcodes.

60. What Defendant claims were the limitations on the use of Associate Perks in July through September 2012, and how those limitations were conveyed to Plaintiff by whom.

61. What training is given to cashiers from 2010 to the present as to discounts and how they were to be used or not used for purchases and what documents evidence exists that such training was received by the cashiers, and what if any information the Defendant gave to cashiers regarding the "intrusion coupons" and how they could or could not be used and the basis of denial of Plaintiff's paragraph 37 of the Complaint that register should have prohibited the sale and the cash register software should have calculated points without employee discount and applied the coupon value and all facts to support the denial.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 15

62. Does Defendant contend that a reason for Richardson's termination was not charging a customer 10 cents for a copy and if so under what policy or procedure of Defendant justified that termination and why progressive discipline was not used in lieu of termination.

63. What discussions Defendant contends occurred during the investigation and/or discussions in connection with restitution or the signing of documents in connection with the coupons in substance, who participated in those discussions, who those Defendant employees received authority from to make to use representations, what reports were made to Defendant by its employees as to the substance of what representations had been made to Plaintiffs.

64. What representations were made to Plaintiff by whom as to what would or could occur if restitution was made and who else were those representations discussed with.

65. What were the allegations against Jason Budsan, Dana Seraphine, Brittany Charles, Annette King related to use of discounts, coupons, associate perks from 2010 to the present, who made those allegations, what investigation was done into those allegations, what were the substance of the findings, who conducted the investigations, what discipline occurred if any and who made the decision as to the discipline issues.

66. The number of hours a week worked by Serrano for Defendant, what amount of salary was he paid, did he receive overtime pay, how his pay was calculated, why he

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX
Page 16

did not receive overtime pay and has he ever since his termination received overtime pay and if so how much, when, how was it calculated and who participated in the decision to make such payments.

67. What investigations were conducted by Defendant into claims that black workers were treated differently as to termination and discipline in St. Thomas, when, who participated, the substance of the investigation and its findings.

68. What employees by race, national origin were hired for what position from August 15, 2012 to the present at the St. Thomas store.

The Plaintiffs reserve the right to amend this notice upon receipt of OfficeMax's written discovery responses, which the Court granted an extension of time to respond.

This deposition will take place on **January 8–10, 2014 at 9:00 a.m.,** at **the Chicago Marriott Naperville, located at 1801 North Naper Boulevard, Naperville, Illinois, 60563,** before any Notary Public commissioned by the State of Illinois or other person qualified to administer the oath and take deposition.

This deposition is being taken for use as evidence and/or trial purposes and may be continued from day to day until completed.

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 17

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiffs

DATED: December 16, 2013        BY:   /s/ *Lee J. Rohn*
                                                Lee J. Rohn
                                                VI Bar No. 52
                                                1101 King Street
                                                Christiansted, St. Croix
                                                U.S. Virgin Islands 00820
                                                Telephone: (340) 778-8855
                                                Email: lee@rohnlaw.com

*Serrano, Richardson, Baron & Callwood v. OfficeMax;* Civil No. 3:13-CV-34
<u>SECOND AMENDED NOTICE OF 30(B)(6) DEPOSITION OF OFFICE MAX</u>
Page 18

# **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on December 16, 2013, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Charles E. Engeman, Esq.
Micol Morgan, Esq.
Ogletree, Deakins, Nash LLC
The Tunick Building
1336 Beltjen Road, Suite 201
St. Thomas, VI  00802
Email: charles.engeman@ogletreedeakins.com
micol.morgan@ogletreedeakins.com
 Attorney For: Office Max

John Byron Flood, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, NW
Suite 1000
Washington, DC  20006
Email Address: john.flood@ogletreedeakins.com
 Attorney For: OfficeMax North America, Inc

County Court Reporters, Inc.
600 South County Farm Road
Suite 200B
Wheaton, IL  60187

 BY: ___/s/ *Lee J. Rohn*_____(ajb)