<u>NOT FOR PUBLICATION</u>

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RAFAEL OSCAR MARTINEZ DEL VALLE, | Civil Action No. 13-24 |
| Plaintiff, | |
| v. | **OPINION** |
| OFFICEMAX NORTH AMERICA, INC., | September 22, 2014 |
| Defendant. | |
| | |
| RAUL SERRANO, IDONNA RICHARDSON, CHELSEA BARON, ZEBBIESHA CALLWOOD, YVONNE CARTY, KURTNEY CHRISTOPHER TODMAN, MARLITA HICKSON-SMITH, & JOANNE JAMES, | Civil Action No. 13-34 |
| Plaintiffs, | |
| V. | |
| OFFICEMAX NORTH AMERICA, INC., | |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court are Plaintiffs' appeals of two rulings made by United States Magistrate Judge Ruth Miller ("Judge Miller") in two related matters that have been consolidated for discovery purposes. In one, Plaintiffs appeal Judge Miller's denial of their Motion for Sanctions.

1

(Civ. No. 13-34, Dkt. No. 367.)  In the other, Plaintiffs appeal Judge Miller's denial of their Motion for Reconsideration of a previously denied motion.  (Civ. No. 13-34, Dkt. No. 366.)  Also before this Court is Defendant's appeal of an Opinion of the Magistrate Judge that granted the *Serrano* Plaintiffs' Motion to Amend the Complaint. (Civ. No. 13-34, Dkt. No. 467.)   This Court has jurisdiction pursuant to 28 U.S.C § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391.  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Plaintiffs' appeals of the Magistrate Judge's denial of their Motion for Sanctions and Motion for Reconsideration are **DENIED**.  Additionally, Defendant's appeal of Judge Miller's Order granting leave to the *Serrano* Plaintiffs' Motion to Amend the Complaint is **DENIED**.

I.     PROCEDURAL AND FACTUAL HISTORY

This matter arises of out Plaintiffs' termination of employment from Defendant's retail store located in the Virgin Islands.  Plaintiffs assert various causes of action which, *inter alia*, include wrongful discharge, breach of contract, and defamation.  On March 6, 2014, the *Serrano* Plaintiffs' filed a Motion to Amend the Complaint to add new factual allegations and a cause of action under a Virgin Islands' statute (Virgin Islands Fair Labor Standards Act), which is substantially similar to a claim previously asserted that arose under the federal counterpart (Fair Labor Standards Act). (Civ. No. 13-34, Dkt. No. 334.)  Judge Miller granted Plaintiffs' motion, and Defendant appealed thereafter.  (Civ. No. 13-34, Dkt. Nos. 460, 467.)

The Motion for Reconsideration is related to certain documents Defendant identified on its privilege log and did not produce in discovery.  After Plaintiffs filed a Motion to Compel, the Magistrate Judge ordered that Defendant produce certain identified documents for *in camera* review and ordered that Defendant more definitely describe other purportedly privileged

documents. (Civ. No. 13-34, Dkt. No. 246.) On January 23, 2014, Judge Miller ordered Defendant to produce to Plaintiffs specified documents identified on its privilege log. (Civ. No. 13-34, Dkt. No. 263.) On February 26, Plaintiffs filed a Motion to Reconsider, which was subsequently denied on March 31. (Civ. No. 13-34, Dkt. Nos. 316, 366.) Plaintiffs appeal from this denial.

With respect to the appeal from the Magistrate Judge's denial of the Motion for Sanctions, Plaintiffs sought an Order compelling Defendant to produce a corporate designee deponent pursuant to Fed. R. Civ. Pro. 30(b)(6) to testify regarding various overtime issues. (Civ. No. 13-34, Dkt. No. 303.) Plaintiffs had noticed the deposition of Defendant's corporate representative to testify about various areas of inquiry, including overtime. Defendant objected to some of the areas of inquiry, including the issue of overtime. Neither Plaintiffs nor Defendant sought an Order by Judge Miller deciding Defendant's objections. On February 20, 2014, after the close of fact discovery, Plaintiffs filed the subject Motion for Sanctions seeking, *inter alia*, to compel Defendant to produce a representative to testify about Defendant's overtime practices. (Civ. No. 13-34, Dkt. No. 303.) Plaintiffs' motion was denied on March 31. (Civ. No. 13-34, Dkt. No. 367.) This appeal follows.

## II. LEGAL STANDARD

The decisions of magistrate judges with respect to non-dispositive motions receive wide discretion. *Miller v. Beneficial Mgmt Corp.*, 844 F. Supp. 990, 977 (D.N.J. 1993) (citing *Nat'l Labor Relations Bd. v Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)). Accordingly, it is well-settled that "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir. 1986). *See* 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72 (a). For a district court to determine that a factual finding is clearly erroneous, it must have a "definite and

firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). The magistrate judge's decision is contrary to law where "it misinterpreted or misapplied the applicable law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Importantly, the appealing party bears the burden of demonstrating that the magistrate judge's decision was contrary to law or clearly erroneous. *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996).

### III. DISCUSSION

#### A. Plaintiffs' Appeals

As a threshold matter, Plaintiffs argue in both appeals that the Magistrate Judge breached a "duty of explanation." The cases to which Plaintiffs cite for this proposition, however, do not create a duty of explanation in the context presented here. The Third Circuit points out in *Welch & Forbes, Inc. v. Cendant Corp.*, 235 F.3d 176, 182 (3d Cir. 2000), that it has "imposed a duty of explanation on District Courts when they conduct 'excusable neglect' analysis." No such analysis needed to be conducted here. Plaintiff has not cited to any authority that would require a duty of explanation under the facts presented here. Accordingly, Magistrate Judge Miller did not breach any duty of explanation.

Moreover, Plaintiffs' applications to Magistrate Judge Miller on both underlying motions were untimely. With respect to the Motion for Sanctions, it was filed on February 20. (Civ. No. 13-34, Dkt. No. 263.) Fact discovery, however, had closed on January 31. (Civ. No. 13-34, Dkt. No. 22.) Absent exceptional circumstances, courts of this circuit typically deny as untimely discovery motions filed after the close of discovery. *See Finizie v. Shineski*, 351 Fed. App'x. 668, 672 (3d Cir. 2009); *Clarke v. Marriot Int'l, Inc.*, No. 1:08-cv-86, 2010 U.S. Dist. LEXIS 40813, *8-9 (D.V.I. 2010). Plaintiffs have not advanced any reason justifying the tardiness of their

4

motion. As for the Motion for Reconsideration, it was filed on February 26, well after the fourteen-day window for the filing of a motion to reconsider the order of January 23 had closed. *Fed. R. Civ. P.* 72(a). These procedural reasons alone warranted the Magistrate Judge's denial of Plaintiffs' motions.

Substantively, Plaintiffs' appeals fail as well. With respect to the Motion for Reconsideration of the withheld documents on the privilege log, Defendant demonstrated before Magistrate Judge Miller that it reasonably anticipated litigation prior to the date of each document. (Def.'s Opp. Br. 8.) Indeed, all documents are dated after Defendant received an e-mail in September 2012 from one of the Plaintiffs asking to get his job back. (Pl.'s Br. 4; Def.'s Opp. Br. 2.) Nothing in the record before this Court belies Defendant's position. As for the Motion for Sanctions, Plaintiffs have not adduced any evidence showing that Defendants waived the attorney-client privilege concerning how it complied with Virgin Islands' overtime laws. *See Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994). Accordingly, Plaintiffs have not met their burden of demonstrating that the rulings were clearly erroneous or contrary to law, and their appeals are therefore denied.

### B. Defendant's Appeal

Defendant contends that Magistrate Judge Miller improvidently granted the *Serrano* Plaintiffs' Motion to Amend the Complaint. Defendant argues that further amendment would prejudice it and unduly burden the Court. Defendant, however, has failed to meet its burden of demonstrating that Judge Miller's Opinion was contrary to law or clearly erroneous. Indeed, Fed. R. of Civ. Pro. 15(a)(2) states that the court should freely grant leave to amend pleadings. Nevertheless, the court may deny a motion to amend where it finds undue delay, bad faith, or unfair prejudice. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Defendant's position that

it will be unfairly prejudiced by the amendment is unpersuasive as it has failed to demonstrate how it will be unfairly prejudiced. It argues that additional discovery may be needed, but as Magistrate Judge Miller observed, the documents Defendant needs to defend against the newly added claim are already in Defendant's custody and control. Furthermore, Defendant has been on notice of the possibility of the new claim since at least June 2013 when it reported to the Virgin Islands Department of Labor potential violations, which are the subject of the newly added claim. Thus, Defendant's argument that it will be unfairly prejudiced by the amendments is unavailing. Finally, while this Court appreciates Defendant's concern for the burden placed on the Court by the amendments, the Court, not Defendant, is in the best position to assess the burdens that may flow from the amended complaint. Magistrate Judge Miller determined that she would not be unduly burdened by permitting the amendments; this Court agrees. Therefore, Defendant has failed to meet its burden of demonstrating that the Magistrate Judge's decision was clearly erroneous or contrary to law. Thus, Magistrate Judge Miller's Opinion granting the Motion to Amend is affirmed and Defendant's appeal is denied.

## IV.    CONCLUSION

In conclusion, as explained *supra*, Plaintiffs' appeal of the Magistrate Judge's rulings on the Motion for Reconsideration and Motion for Sanctions are **DENIED**. Defendant's appeal of the Magistrate Judge's Opinion granting the Motion to Amend is also **DENIED**.

s/ Susan D. Wigenton, U.S.D.J.

cc:    Ruth Miller, U.S.M.J.