<u>**NOT FOR PUBLICATION**</u>

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| RAFAEL OSCAR MARTINEZ DEL VALLE, | Civil Action No. 13-24 |
| Plaintiff,<br>v. | **OPINION** |
| OFFICEMAX NORTH AMERICA, INC., | March 11, 2015 |
| Defendant. | |
| RAUL SERRANO, IDONNA RICHARDSON, CHELSEA BARON, ZEBBIESHA CALLWOOD, YVONNE CARTY, KURTNEY CHRISTOPHER TODMAN, MARLITA HICKSON-SMITH, & JOANNE JAMES, | Civil Action No. 13-34 |
| Plaintiffs,<br>V. | |
| OFFICEMAX NORTH AMERICA, INC., | |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court is Defendant OfficeMax North America, Inc.'s ("Defendant" or "OfficeMax") Motion for Voluntary Dismissal without prejudice against Plaintiff Rafael Oscar Martinez Del Valle ("Martinez") pursuant to Federal Rule of Civil Procedure 41(a)(2), and

1

Defendant's Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) and Virgin Islands Code Title 5 §541.

This Court has jurisdiction pursuant to 28 U.S.C § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion for Voluntary Dismissal without prejudice is **GRANTED**. Defendant's Motion for Attorney's Fees is **DENIED** without prejudice.

I.     FACTUAL HISTORY AND PROCEDURAL BACKGROUND

As the parties are familiar with this case, this Court will reference only those facts relevant to the current motions. Plaintiffs Martinez, Serrano, Baron, Callwood, Richardson, and Todman are former employees of Defendant, OfficeMax, who commenced this action after Defendant terminated their employment on September 12, 2012. (Martinez Am. Compl. ¶ 35; Serrano Sec. Am. Compl. ¶¶ 52-57.) Plaintiffs Carty and Hickson-Smith commenced this action after Defendant terminated their employment on December 13, 2012. (Serrano Sec. Am. Compl. ¶¶ 59-60.) Plaintiff James commenced this action after Defendant terminated her employment on December 27, 2012. (Def.'s Statement of Facts ¶ 162.) Plaintiffs were employees in Defendant OfficeMax's store in St. Thomas. (Def.'s Statement of Facts ¶ 4.)

On March 15, 2013, Martinez filed a Complaint against Defendant, asserting claims for breach of written contract (Count I); breach of implied covenant of good faith and fair dealing (Count II); defamation (Count III), and intentional infliction of emotional distress (Count IV). (Dkt. No. 1.) On July 26, 2013, Martinez filed an Amended Complaint, which included the same claims. (Dkt. No. 34.) On August 9, 2013, Defendant filed an Answer to the Amended Complaint

2

and asserted counterclaims against Martinez for breach of the duty of care, breach of the duty of loyalty, and restitution.  (Dkt. No. 35.)

On April 2, 2013, Serrano, Richardson, Baron, Callwood, Carty, Todman, Hickson-Smith, and James ("Serrano Plaintiffs") filed a Complaint against Defendant for claims arising out of Defendant's termination of their employment.  On December 5, 2013, the Serrano Plaintiffs filed their First Amended Complaint.  (Dkt. No. 165.)  On June 11, 2014, the Serrano Plaintiffs filed their Second Amended Complaint with the following claims: wrongful termination in violation of the WDA (Count I); breach of contract (Count II); defamation (Count III); violation of the VIFLSA (Count IV); intentional infliction of emotional distress (Count V); and negligent misrepresentation (Count VI).  (Dkt. No. 464.)  On September 25, 2014, Defendant filed its Answer to the Second Amended Complaint.  (Dkt. No. 510.)

On June 12, 2013, the Court consolidated these cases (13-0024 and 13-0034) for the purpose of discovery.  (Dkt. No. 20.)[1]

Defendant filed nine separate Motions for Summary Judgment against Plaintiffs in both cases on October 20, 2014.  (Dkt. No. 525, 529-46.)

On January 14, 2015, this Court entered summary judgment in favor of Defendant with respect to all claims in Martinez's First Amended Complaint.  (Dkt. No. 727.)  This Court further granted summary judgment with respect to all claims brought by Serrano and Carty, and denied summary judgment as to the WDA claims brought by Baron, Callwood, Hickson-Smith, James, Richardson, and Todman.  (*Id.*)  In other words, summary judgment was granted in favor of Defendant with respect to all claims brought by Plaintiffs Martinez, Serrano, and Carty.  (*Id.*)  They are the subject Plaintiffs in the motions currently before this Court.

---

[1] These cases were also consolidated for the purposes of trial.

As a result of the settlement agreement entered into by the parties and placed on the record by the Honorable Ruth Miller, U.S.M.J., the jury trial scheduled for January 21, 2015 regarding the Serrano Plantiffs' remaining claims was cancelled.

On January 16, 2015, Martinez filed a Motion for Judgment on the Pleadings and/ or Summary Judgment on the counterclaims brought by Defendant. (Dkt. No. 730.)

On January 21, 2015, Defendant filed the instant (1) Motion for Voluntary Dismissal without prejudice of its counterclaims against Martinez, and (2) Motion for Attorney's Fees. (Dkt. No. 759-760.). Plaintiff opposed both motions. (Dkt. No. 763, 768.)

On January 29, 2015, Defendant filed a Motion for Clarification of Dismissal Order. (Dkt. No. 787.) The referenced Dismissal Order, entered on January 28, 2015, confirmed the settlements had been entered into. [2] (Dkt. No. 786.)

On February 12, 2015, Defendant filed a Bill of Costs against Martinez, Serrano, and Carty. (Dkt. No. 765, 790, 793.)

On February 18, 2015, Plaintiffs Carty and Serrano filed a Notice of Appeal. (Dkt. No. 796.)

The parties jointly filed a Stipulation of Dismissal with prejudice of the claims of Plaintiffs Richardson, Baron, Callwood, Todman, Hickson-Smith, and James on February 25, 2015. (Dkt. No. 797.)

## II. **DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL UNDER RULE 41(a)(2)**

---

[2] This Court notes that Defendant's Motion for Clarification of Dismissal Order is **DENIED** as moot. (*See* Dkt. No. 787.) In that motion, Defendant seeks clarification of this Court's January 28, 2015 Order which states that the matter involving Plaintiffs Serrano and Carty is dismissed "without costs." However, because this Opinion addresses the issue of costs, no further clarification is needed.

**A. Legal Standard**

Federal Rule of Civil Procedure 41(a)(2) addresses voluntary dismissals without prejudice. The Rule provides, in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph [] is without prejudice.

It is within the district court's discretion whether to grant a Rule 41(a)(2) motion. *Cornell v. Pirates' Pension Bd. of Directors*, 2008 WL 4748169, *1 (D.V.I. Oct. 27, 2008) (*citing Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974). Such a motion should typically be granted unless "the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *In re Tutu Wells Contamination Litig.*, 994 F. Supp. 638, 652 (D.V.I. 1998). Dismissals should "be granted with prejudice when defendants may be subject to extreme financial prejudice; when a defendant confronts the possible loss of a substantial right; or when a defendant otherwise experiences substantial prejudice." *Williams v. Cost-U-Less, Inc.*, 2013 WL 450368, *2 (D.V.I. Feb. 6, 2013) (internal citations and quotations omitted).

Although attorney's fees may be awarded to the defendant upon a dismissal without prejudice, an award of fees is not automatic. *In re Tutu Wells Contamination Litig.*, 994 F. Supp. at 653-54. Courts generally analyze the following factors to determine whether fees are appropriate: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; (4) and the claimant's diligence in moving to dismiss." *Id*. at 653 (internal citations omitted).

5

**B. Analysis**

Here, Defendant moves to dismiss its counterclaims against Martinez without prejudice pursuant to Rule 41(a)(2). Defendant argues that Martinez would not suffer substantial prejudice as a result of the dismissal because Martinez could use the work already performed on the matter in his defense should he successfully appeal and return the case to this Court. (Def.'s Reply 6.) Martinez asserts that he would suffer prejudice because he already engaged in extensive and costly discovery to show that District Manager Rafael Flores caused the revenue loss at the St. Thomas store, that his discharge was wrongful, and that an intrusion coupon cannot be distinguished from a regular coupon. (Martinez Opp. 5-10.) In the alternative, Martinez argues that should Defendant's Motion be granted, he is entitled to attorney's fees for defending the counterclaims. (*Id.* at 12.)

This Court finds that Martinez's counterclaims should be dismissed without prejudice, as Martinez fails to show that he suffered or will suffer "extreme financial prejudice," the potential "loss of a substantial right," or other substantial prejudice. *See Williams v. Cost-U-Less, Inc.*, 2013 WL 450368, *2. The gravamen of Martinez's position is that he incurred substantial attorney's fees and costs through conducting discovery in defending his counterclaim. This claim does not rise to the level of substantial prejudice. Moreover, should Martinez successfully appeal the dismissal of his claims, Defendant may appropriately resurrect its counterclaims. Therefore, the counterclaims will be dismissed without prejudice.

Regarding the alternative request for attorney's fees, Martinez fails to demonstrate that attorney's fees are appropriate in this instance. First, as indicated earlier, Martinez has not shown that he will face the "excessive and duplicative expense of a second litigation." The counterclaims will be resurrected only if Martinez successfully appeals the summary judgment order and the case

is remanded back to this Court. *See In re Tutu Wells Contamination Litig.*, 994 F. Supp. at 653. Second, the "effort and expense" incurred by Martinez specifically in defending against the counterclaims was not substantial. There was a common thread in the case that related to each Plaintiff's claim, namely that District Manager Rafael Flores caused the revenue loss at the St. Thomas store, that his discharge was wrongful, and that an intrusion coupon cannot be distinguished from a regular coupon. The arguments set forth in the summary judgment motions were essentially interchangeable between Plaintiffs. The record evidence did not demonstrate any specialized or focused discovery on the counterclaims. Lastly, the factors concerning the "extent to which the pending litigation has progressed" and the "claimant's diligence in moving to dismiss" also militate against an award of fees. Here, Defendant promptly moved to voluntarily dismiss Martinez's counterclaims in order to avoid litigating them at trial as a result of this Court's January 14, 2015 summary judgment order and the parties' settlement resolving all claims.

As such, Defendant's Motion for Voluntary Dismissal without Prejudice is granted. The counterclaims against Martinez may only be revived should Martinez successfully appeal and return the case to this Court.[3] Furthermore, will not be awarded attorney's fees.

## III. DEFENDANT'S PETITION FOR ATTORNEY'S FEES

### A. Legal Standard

Defendant moves for an award of attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") and V.I. Code Ann. tit. 5 § 541 ("Section 541"). Because Rule 54(d) simply "recognizes the possibility of awards of attorney's fees and related non-taxable

---

[3] In light of this Court's ruling on the Motion for Voluntary Dismissal, Martinez's Motion for Judgment on the Pleadings and/ or Summary Judgment is **DENIED** as moot. (*See* Dkt. No. 730.) In addition, Martinez's Motion was untimely filed on January 16, 2015, less than one week before the January 21, 2015 trial date. Judge Miller's September 18, 2014 order directed the parties to file dispositive motions by October 20, 2014. (Dkt. No. 502.)

expenses and establishes a procedure for asserting a right to such an award," courts "must look to another source of substantive law to determine whether a party is entitled to attorney's fees." *M & N Aviation, Inc. v. United Parcel Service, Inc.*, 2014 WL 1128225, *2 (D.V.I. Mar. 21. 2014). In the Virgin Islands, Section 541 governs the award of attorney's fees. (*Id.*)

Section 541 provides, in relevant part: "[T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Midland Nat. Life Ins. Co. v. Sheridan*, 2010 WL 2306123, *1 (D.V.I. June 4, 2010) (quoting V.I. Code Ann. tit. 5 § 541(b)). Therefore, the statute provides the court wide discretion "in determining whether and to what extent the prevailing party may be indemnified." *Id.* (citing *Smith v. Government of Virgin Islands*, 361 F.2d 469, 471 (3d Cir.1966)). "It is clear from both the statutory language and the case law that awards to prevailing parties pursuant to Section 541 are matters within the court's discretion." *Richardson v. Port Authority*, 2013 WL 1686338, *2 (D.V.I. Apr. 16, 2013) (quoting *Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co., Ltd.*, 754 F. Supp. 459, 461 (D.V.I. 1991)). The statute further provides that "the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." 5 V.I.C. § 541(b)).

**B. Analysis**

Because of this Court's January 14, 2015 Order granting summary judgment in favor of Defendant with respect to the claims brought by Plaintiffs Martinez, Serrano, and Carty, Defendant requests attorney's fees as to the non-personal injury claims brought by said Plaintiffs. Defendant asserts that it is entitled to attorney's fees because it is a prevailing party with respect to these Plaintiffs' claims. (Def.'s Mot. for Attny's Fees 4.) Defendant argues that it is only seeking a reasonable portion of the attorney's fees to which it is entitled. (*Id.* at 5-7.) In support, Defendant

8

references the invoices sent to it in this matter, along with explanations of the time entries. (*Id.* at 7.) Defendant maintains that it spent significant time, labor and skill litigating this matter, which entitles it to over $50,000 per Plaintiff even though Defendant actually incurred over $1 Million in total attorney's fees. (*Id.* 8-12; *see also* Def.'s Supp. to Mot. for Attny's Fees 2.)

Plaintiffs argue that Defendant is not entitled to attorney's fees because Defendant cannot yet be characterized as a prevailing party in light of Plaintiffs' pending appeals. (Pl.'s Opp. 5.) Additionally, Plaintiffs contend that the claims for breach of contract and breach of good faith and fair dealing are personal injury claims for which attorney's fees are not recoverable. (*Id.* at 7-8.) Plaintiff Martinez argues that this Court should consider his financial hardship as an equitable factor that weighs against an award. (*Id.* at 9-10.)

In exercising its discretion, this Court declines to award attorney's fees to Defendant. While Defendant prevailed against the three subject Plaintiffs on summary judgment, Defendant is not yet the prevailing party due to Plaintiffs' pending or anticipated appeals.[4] *See Smith v. V.I. Port Authority,* 2013 WL 152178, *1 (D.V.I. Jan. 11, 2013) (denying "Defendants' fee motion without prejudice to reassertion, if applicable, following disposition of Smith's appeal"). However, assuming, *arguendo*, that Defendant is—or becomes—the prevailing party, at this juncture it appears to be a futile task to parse out the significant fees incurred by each of the three unsuccessful Plaintiffs given that the majority of the legal issues in this case are heavily intertwined with all nine Plaintiffs. Accordingly, this Court will deny Defendant's fee application without prejudice in the event that Defendant successfully defends against Plaintiffs on appeal.

## IV.     DEFENDANT'S BILL OF COSTS

---

[4] As of the date of this Opinion, the docket reflects that only Plaintiffs Carty and Serrano have filed a Notice of Appeal. (*See* Dkt. No. 796.) Martinez intends to file an appeal. (Pl.'s Opp. 5.)

9

**A. Legal Standard**

Federal Rule of Civil Procedure 54(d)(1), provides that a prevailing party "should be allowed" costs unless a rule, statute, or a court order provides otherwise. Under the procedures set forth in Rule 54(d)(1) and the local rules, the Clerk must first tax costs. The district court reviews the Clerk's award only if a party objects to the Clerk's decision. *Wallace v. Kmart Corp., 2011 WL 4024796,* *1-2 (D.V.I. Sep. 8, 2011) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 454 (3d Cir. 2009)).

In the Virgin Islands, the prevailing party must file a bill of costs with the Clerk of Court within thirty days of entry of final judgment. LRCi 54.1(a). The bill of costs must "precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding. Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item." LRCi 54.1(b); *Wallace v. Kmart Corp.,* 2011 WL 4024796, *1-2. Non-compliance with these requirements constitutes a waiver of the right to costs. LRCi 54.1(c).

District courts exercise de novo review over a Clerk's decision and have wide discretion in taxing costs. *Wallace v. Kmart Corp.,* 2011 WL 4024796*, *1-2; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 461 (3d Cir. 2000). Courts may only award those costs enumerated in Title 5, § 541(a) of the Virgin Islands Code. *See* V.I. Code Ann. tit. 5, § 541(a); *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 183 (3d Cir. 1999).

Although Rule 54(d)(1) creates a "strong presumption that costs are to be awarded to the prevailing party . . . if a losing party is indigent or unable to pay the full measure of costs, a district court may . . . exempt the losing party from paying costs." *Mendez v. Puerto Rican Int'l Comp., Inc.* 2015 WL 720974, *2-3 (D.V.I. Feb. 18, 2015); *In re Paoli*, 221 F.3d at 462-64. Since "the denial of such costs is akin to a penalty," the burden is on the losing party to show that an award of costs would be inequitable, and "[i]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *M & N Aviation*, 2014 WL 1178200, at *1.

In the Virgin Islands District Court, the costs recoverable are listed under 5 V.I.C. § 541(a) as the following:

> (1) fees of officers, witnesses, and jurors;
> (2) necessary expenses of taking depositions which were reasonably necessary in the action;
> (3) expenses of publication of the summons or notices, and the postage when they are served by mail;
> (4) compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
> (5) necessary expense of copying any public record, book, or document used as evidence at the trial.

Finally, although Section 541(a) allows reimbursement for "necessary expenses of taking depositions," "the longstanding rule in the Virgin Islands is that travel expenses incurred in taking depositions will not be awarded absent special circumstances." *M & N Aviation*, 2014 WL 1178200, at *5 (citing multiple cases).

**B. Analysis**

As an initial matter, Defendant's Bill of Costs is not properly before this Court because the Clerk has not yet had an opportunity to tax costs. *See Wallace v. Kmart Corp., 2011 WL 4024796,*

*1-2. However, should the matter properly present itself, this Court would deny Defendant's application for costs for the following reasons.

As outlined above, Defendant seeks $18,046.91 per Plaintiff in costs for travel to conduct depositions cannot be awarded to Defendant because such costs are not recoverable in the Virgin Islands absent special circumstances which are not present here. *M&N Aviation v. United Parcel Service, Inc.,* 2014 WL 1178200, *5 (D.V.I. Mar. 21, 2014) (internal citations omitted); *Mendez v. Puerto Rican Int'l Comp.,* 2015 WL 720974, *3 (declining to award costs where depositions were taken outside of the Virgin Islands, i.e., Texas and Puerto Rico, and Plaintiffs set forth financial hardship). This Court finds that Defendant fails to show sufficient special circumstances warranting travel costs in this case.

Additionally, transcript costs for deposition transcripts must be "necessarily obtained for use in the case." *Mala v. Crown Bay Marina, Inc*., 2012 WL 5452076, *3 (D.V.I. Feb. 21, 2012) (citing 28 U.S.C. § 1920(2)). "The district court has discretion in determining whether or not a deposition was necessarily obtained within the meaning of the statute." (*Id.*) As such, this Court finds that Defendant should not recoup $12,010.11 per Plaintiff for costs of written deposition transcripts because, overall, the depositions were not used by Defendant in its motions for summary judgment, nor did any of these transcripts impact this Court's summary judgment ruling.

Hence, this Court would not be inclined to grant costs other than $138.42 per Plaintiff for the service of summonses and subpoenas listed in the Bill of Costs. Notwithstanding, a decision regarding costs is reserved until the Clerk makes her determination.

## V.     CONCLUSION

For the reasons set forth above, Defendant's Motion for Voluntary Dismissal without prejudice is **GRANTED**. Defendant's Motion for Attorney's Fees is **DENIED** without prejudice.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

cc: Ruth Miller, U.S.M.J.
      Clerk
      Parties

Case: 3:13-cv-00024-SDW-RM   Document #: 771   Filed: 03/11/15   Page 13 of 13